UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA LOSACANO, DANETTE
BEDERKA, LEIGH KUNDRICK,
COLLEEN SANCHEZ, VICTORIA
DULL, SUSAN JULIAN and
WYNONA PARR, on behalf of herself
and other employees similarly
situated

        Plaintiffs,

v.                                  Case No: 2:17-cv-84-FtM-99CM

ANTHONY 57, INC., ANTHONY
SERRAGO and SABAL SPRINGS
HOMEOWNERS ASSOCIATION,
INC.,

        Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Motion for Entry of Default Against All Defendants (Doc. 16) filed on April 13, 2017. On February 8, 2017, Plaintiffs filed a Collective Action Complaint for Damages pursuant to the Fair Labor Standards Act against Anthony 57, Inc., Anthony Serrago, and Sabal Springs Homeowners Association, Inc. Doc. 1. On March 10, 2017, Plaintiffs amended their Complaint. Doc. 11. On March 31, 2017, Plaintiffs filed an Affidavit of Service as to each Defendant. Docs. 12; 13; 14.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B). Alternatively, the Court may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In Florida, service of original process may be made on an individual by leaving a copy of the complaint, petition, or other initial pleading "at his or her usual place of abode with any person residing therein who is fifteen years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

With respect to individual Defendant Anthony Serrago, the Affidavit of Service states that on March 14, 2017, a process server for Attorneys Subpoena Service, Inc.

individually served a true copy of the Summons and Amended Collective Action Complaint upon Anthony Serrago, personally, at his address in 3400 Clubview Drive, North Fort Myers, Florida 33917. Doc. 14 at 1. Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e).

With regard to a corporation, service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a). Here, the Affidavit of Service for Anthony 57, Inc. d/b/a Anthonys at Sabal Springs states that on March 14, 2017, a process server for Attorneys Subpoena Service, Inc. served a true copy of the Summons and Amended Collective Action Complaint upon Anthony Serrago, registered agent.[1] Doc. 12 at 1. Service of process therefore was properly effected under Federal Rule of Civil Procedure Fed. R. Civ. P. 4(h).

---

[1] According to www.sunbiz.org, Antony Serrago is the registered agent for Anthony 57.

Sabal Springs Homeowners Association, Inc. appeared in this case on May 3, 2017 and requested an extension of time to respond to Plaintiffs' Amended Complaint. Doc. 18. Plaintiffs consented to the requested extension, and the Court granted the motion. Doc. 19. On May 11, 2017, Sabal Springs Homeowners Association, Inc. filed a motion to dismiss Plaintiffs' Amended Complaint for failure to state a claim; thus, the motion for entry of a Clerk's default as to this Defendant is due to be denied.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Entry of Default Against All Defendants (Doc. 16) is **GRANTED in part and DENIED in part**.

2. The Clerk is directed to enter a Clerk's Default against Defendants Anthony 57, Inc. and Anthony Serrago, individually.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record