UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA LOSACANO, DANETTE
BEDERKA, LEIGH KUNDRICK,
COLLEEN SANCHEZ, VICTORIA
DULL, SUSAN JULIAN and
WYNONA PARR, on behalf of herself
and other employees similarly
situated

      Plaintiffs,

v.                                              Case No: 2:17-cv-84-FtM-38CM

ANTHONY 57, INC., ANTHONY
SERRAGO and SABAL SPRINGS
HOMEOWNERS ASSOCIATION,
INC.,

      Defendants.

## ORDER

This matter comes before the Court upon review of Cross Plaintiff's Motion for Default on Verified Crossclaim Against Anthony Serrago, Indvidually and Anthony 57, Inc., d/b/a Anthony's at Sabal Springs, A Florida Corporation (Doc. 60) filed on November 3, 2017. On September 21, 2017, cross-plaintiff Sabal Springs Homeowners' Association ("Cross-Plaintiff") filed a cross-complaint against cross-defendants, Anthony 57, Inc. d/b/a Anthony's at Sabal Springs ("Anthony 57") and Anthony Serrago ("Serrago") (collectively, "Cross-Defendants"), alleging breach of contract, indemnification, and contribution. *See* generally, Doc. 49. On October 11, 2017, Cross-Plaintiff filed Returns of Service showing it served both Cross-

Defendants a true copy of the Summons and Cross-Complaint on October 4, 2017. Docs. 55, 56. To date, Defendants have not appeared in this action.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). The process server may deliver a copy of the summons and complaint to the individual personally. *Id.* With respect to individual Defendant Anthony Serrago, the Affidavit of Service states that on October 4, 2017, a process server for South Florida Legal Services of Naples served a true copy of the Summons and Cross-Complaint upon Anthony Serrago, personally, at his business address of 1303 Del Prado Blvd. S., Cape Coral Fl 33990. Doc. 55 at 1. Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e).

With regard to a corporation, service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a). Here, the Affidavit of Service for Anthony 57, Inc. d/b/a Anthonys at Sabal Springs states that on October 4, 2017, a process server for South Florida Legal Services of Naples served a true copy of the Summons and Cross-Complaint upon Anthony Serrago, registered agent.[1] Doc. 56 at 1. Service of process therefore was properly effected under Federal Rule of Civil Procedure Fed. R. Civ. P. 4(h).

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Cross-Defendants have failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 1.07(b) is appropriate.

---

[1] According to www.sunbiz.org, Anthony Serrago is the registered agent for Anthony 57.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Cross Plaintiff's Motion for Default on Verified Crossclaim Against Anthony Serrago, Indvidually and Anthony 57, Inc., d/b/a Anthony's at Sabal Springs, A Florida Corporation (Doc. 60) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's Default against Cross-Defendants Anthony 57, Inc. d/b/a Anthony's at Sabal Springs and Anthony Serrago, individually.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties