UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA LOSACANO, DANETTE
BEDERKA, LEIGH KUNDRICK,
COLLEEN SANCHEZ, VICTORIA
DULL, SUSAN JULIAN and
WYNONA PARR, on behalf of herself
and other employees similarly
situated

      Plaintiffs,

v.                                 Case No: 2:17-cv-84-FtM-38CM

ANTHONY 57, INC., ANTHONY
SERRAGO and SABAL SPRINGS
HOMEOWNERS ASSOCIATION,
INC.,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Unopposed Motion to Compel Anthony Serrago ("Serrago") to Obey Subpoena for the Production of Documents (Doc. 61) filed on November 3, 2017. On February 8, 2017, Plaintiffs filed a Collective Action Complaint for Damages under the Fair Labor Standards Act against various Defendants, including Serrago. Doc. 1. On April 13, 2017, Plaintiffs moved for entry of Clerk's default against all Defendants for their failure to respond to the Complaint, which the Court granted in part and denied in part. Docs. 16, 21. The Court directed the Clerk to enter default against Anthony 57, Inc. and Serrago, individually. Doc. 21 at 4. Plaintiffs' present motion seeks to enforce a subpoena served upon Serrago. Doc. 61. Serrago has not responded to the

present motion, creating a presumption that the motion is unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012).

Plaintiffs allege Serrago possesses important information to their case, despite his being in default. Doc. 61 at 2. Thus, on October 10, 2017, Plaintiffs served a subpoena upon Serrago to produce certain documents on or before October 23, 2017. *Id.* at 2, 7. Serrago neither produced any responsive documents nor served any objections to this subpoena by October 23, 2017. *Id.* at 2. October 26, 2017, Plaintiffs' counsel communicated with Serrago, who requested an extension of time to comply with the subpoena. *Id.* Plaintiffs' counsel agreed to give Serrago until November 2, 2017 to produce responsive documents. *Id.* Serrago again did not produce any documents or raised any objections to the subpoena. *Id.*

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, "a person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A). A responding person may resist the subpoena by filing a motion to quash or modify the subpoena, or serving objections. Fed. R. Civ. P. 45(d). If the responding person, "having been served [with the subpoena], fails without adequate excuse to obey the subpoena or an order related to it," the Court may hold that person in contempt. Fed. R. Civ. P. 45(g). Here, Serrago has not obeyed the subpoena or served any objections for unexplained reasons. *See generally* the Docket. Accordingly, the Court will order

Serrago on or before December 29, 2017 to respond to the subpoena or, in the alternative, show cause in writing as to why he should not be held in contempt for his failure to obey the subpoena without adequate excuse.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Unopposed Motion to Compel Anthony Serrago to Obey Subpoena for the Production of Documents (Doc. 61) is **GRANTED**.

2. Defendant Anthony Serrago shall have **December 29, 2017** to respond to the subpoena (Doc. 61 at 7-12) or, in the alternative, **SHOW CAUSE in writing** as to why he should not be held in contempt of Court for his failure to obey the subpoena without adequate excuse.

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of December, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties