UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA LOSACANO, DANETTE
BEDERKA, LEIGH KUNDRICK,
COLLEEN SANCHEZ, VICTORIA
DULL, SUSAN JULIAN and
WYNONA PARR, on behalf of herself
and other employees similarly
situated

       Plaintiffs,

v.     Case No: 2:17-cv-84-FtM-38CM

ANTHONY 57, INC., ANTHONY
SERRAGO and SABAL SPRINGS
HOMEOWNERS ASSOCIATION,
INC.,

       Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion to Approve Mediated Settlement Agreement in FLSA Case, and to Dismiss Plaintiffs' Claims with Prejudice (Doc. 75) filed on March 2, 2018.[2] Plaintiffs and Defendant Sabal

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has

Springs Homeowners' Association, Inc. ("Sabal") request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss with prejudice Plaintiffs' claims against all three Defendants.  Doc. 75.  For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and Plaintiffs' claims be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an

---

no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

> employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

Here, Plaintiff Laura Losacano filed a Collective Action Complaint for Damages on behalf of herself and other employees similarly situated, seeking recovery of unpaid minimum wages under the FLSA and the Florida Constitution against Defendants Anthony 57, Inc. ("Anthony"), Anthony Serrago ("Serrago") and Sabal (collectively, "Defendants"). Doc. 1. On March 10, 2017, Losacano and six additional Plaintiffs filed an Amended Complaint for Damages against Defendants. Doc. 11. Sabal operates a homeowners' association in Fort Myers, Florida. *Id.* ¶ 17. Defendants jointly employed Plaintiffs. *Id.* ¶ 19. Plaintiffs allege they worked as food and drink servers for Defendants in 2016. *Id.* ¶¶ 12, 23-29. Plaintiffs claim during the terms of their employment, they were paid below the statutory minimum wage. *Id.* ¶ 30.

On May 15, 2017, the Court directed the Clerk to enter a default against Anthony and Serrago for their failure to respond to the Complaint on time. Doc. 21.

On September 21, 2017, Sabal filed a Verified Crossclaim against Anthony and Serrago.  Doc. 49.  On November 7, 2017, the Court directed the Clerk to enter a default against Anthony and Serrago for their failure to respond to Sabal's crossclaim.  Doc. 62.  On February 4, 2018, Plaintiffs and Sabal participated in the mediation, reaching the settlement agreement.  Doc. 72.  Here, the parties seek to dismiss with prejudice only Plaintiffs' claims against all Defendants and not Sabal's crossclaim because Sabal intends to pursue Anthony and Serrago for the money it spent to reach this settlement with Plaintiffs.  Doc. 75 at 5 n.2.

In the proposed settlement agreement, Sabal agrees to pay Plaintiffs a settlement amount totaling $18,776.47 in consideration for their underlying claims for unpaid wages.  Doc. 75-1 ¶ 2.  The parties state Plaintiffs would recover nothing here if Sabal is found not to be an employer as Sabal argues.  Doc. 75 at 3-4.  Plaintiffs also are skeptical that Anthony and Serrago have any assets to satisfy a judgment if Plaintiffs pursue their claims against the defaulting Defendants.  *Id.* at 4.  Thus, the parties allege by entering into this agreement, Plaintiffs avoid the risk of not recovering any damages.  *Id.*  The parties further state they reached the agreement after their respective attorneys engaged in face-to-face discussions, and each Plaintiff was involved in fashioning the settlement agreement.  *Id.* at 4-5.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute.  Other courts in this district similarly have approved settlements for a compromised amount in light

of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, Sabal agrees to pay Plaintiffs' attorney's fees and costs in the amount of $31,223.53. Doc. 75-1 ¶ 3. The settlement was reached and the fees and costs were agreed upon separately and without regard to the amount paid to Plaintiffs. Doc. 75 at 3. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion to Approve Mediated Settlement Agreement in FLSA Case, and to Dismiss Plaintiffs' Claims with Prejudice ([Doc. 75](Doc. 75)) be **GRANTED**.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiffs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 5th day of March, 2018.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record