UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAURA LOSACANO, DANETTE BEDERKA, LEIGH KUNDRICK, COLLEEN SANCHEZ, VICTORIA DULL, SUSAN JULIAN and WYNONA PARR, on behalf of herself and other employees similarly situated

       Plaintiffs,

v.

Case No: 2:17-cv-84-FtM-38CM

ANTHONY 57, INC., ANTHONY SERRAGO and SABAL SPRINGS HOMEOWNERS ASSOCIATION, INC.,

       Defendants.

## **ORDER**[1]

This matter comes before the Court on Defendant Sabal Springs Homeowners' Association, Inc.'s Unopposed Motion to Retain Supplemental Jurisdiction (Doc. 76). This matter is ripe for review.

This is a collective action under the Fair Labor Standards Act ("FLSA") and Florida Constitution. (Doc. 11). Plaintiffs sued Defendants Anthony 57, Inc., Anthony Serrago, and Sabal for unpaid minimum and overtime wages. (Doc. 11). Sabal answered Plaintiffs' Complaint, but Anthony 57 and Anthony Serrago did not. (Doc. 29). Sabal then

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

filed a Crossclaim against Anthony 57 and Anthony Serrago for breach of contract, indemnification, and contribution. (Doc. 49).

Thereafter, Sabal and Plaintiffs settled the case at mediation. (Docs. 71; 72). They then moved for approval of their settlement agreement and requested that the Court dismiss Plaintiffs' claims with prejudice. (Doc. 75). The Court granted the motion and dismissed Plaintiffs' claims. At the same time, Sabal requested this Court retain jurisdiction over the state law claims in its Crossclaim. (Doc. 76).

Here, the only remaining claims after Plaintiffs' federal claims were dismissed are state law claims. And "[a] district court's decision whether to exercise . . . jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also* 28 U.S.C. § 1367(c)(3). After review, the Court declines to exercise supplemental jurisdiction. Therefore, it will dismiss Sabal's Crossclaim without prejudice.

Accordingly, it is now **ORDERED:**

(1) Defendant Sabal Springs Homeowners' Association, Inc.'s Unopposed Motion to Retain Supplemental Jurisdiction (Doc. 76) is **DENIED.**

(2) Defendant Sabal Springs Homeowners' Association, Inc.'s Verified Crossclaim (Doc. 49) is **DISMISSED without prejudice.**

(3) The Clerk of Court is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of March, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record